# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JOHN GEORGE SIMKUS, JR.          *

Plaintiff                      *

v.                           *          Civil Action No. PWG-18-1411

WARDEN                 *

Defendant               *
                            ***

## MEMORANDUM OPINION

Plaintiff John Simkus, Jr. is incarcerated at Patuxent Institution, where he is housed in the "DC" building. He originally alleged that, for approximately one month, the housing unit had not had functioning hot water, and any showers that he and other inmates housed in the mental health unit received involved using cold water. Compl., ECF No. 1. He claims that inmates housed on other units also located in the DC building, including disciplinary and administrative segregation, were escorted to other buildings to take hot showers, while those housed in the mental health unit were not so accommodated. *Id.*

Simkus updated his original correspondence, which was construed as a civil rights complaint, and admitted that the hot water was returned to the building, but claimed that it was too hot. Supp., ECF No. 2. He asserts that the water is now so scalding hot that it cannot be used and they are left with the choice between a shower that is too cold or too hot. *Id.* Simkus claims that the inability to repair the hot water system must be intentional, given that it was caused by a broken valve that, in his view, could have been repaired quickly. Compl. 5. He states that the cold water hurts his arthritic joints and that his heart condition ("a-fib") is likely to worsen if he is forced to take showers in the manner described. *Id.* at 5–6; Supp. 3. Because Simkus fails to state a claim for a violation of his Constitutional rights, I will dismiss his

complaint.

## Discussion

Pursuant to 28 U.S.C. § 1915(a)(1), the Court must screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989). Conditions that "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). However, conditions that are merely "restrictive or even harsh ... are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

"[T]o establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that 'the deprivation of [a] basic human need was *objectively* "sufficiently serious,"' and that '*subjectively* "the officials acted with a sufficiently culpable state of mind."'" *Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original) (citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve,* 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter,* 501 U.S. 294, 298-300 (1991)).

To establish a sufficiently culpable state of mind, there must be evidence that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson,* 501 U.S. at 298-99. "In other words, 'the test is whether the guards know the plaintiff inmate faces a serious

2

danger to his safety and they could avert the danger easily yet they fail to do so.'" *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)). Conduct is not actionable under the Eighth Amendment unless it "transgress[es] bright lines" of clearly-established pre-existing law. *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992).

The objective prong of a conditions claim requires proof of an injury. "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of "a serious or significant physical or emotional injury resulting from the challenged conditions." *Id.* (quoting *Strickler*, 989 F.2d at 1381).

Simkus has not alleged that any prison official responsible for repairing the hot water is aware that the lack of hot water has caused an injury to him, or that the failure to repair the hot water is anything other than simple incompetence. Further, he does not allege an actual, significant physical or emotional injury; rather, he simply asserts that he may suffer one at some point in the future "if" the cold water causes his heart to go into an irregular rhythm. A future injury if dire predictions prove true is insufficient to sustain an Eighth Amendment claim.

Here the only "condition" asserted is the water temperature available to Simkus and other inmates in his housing unit for showers. A choice between cold or unbearably hot showers, on its own, falls far short of the sort of conditions prohibited by the Constitution. *Compare*

*Williams v. Griffin*, 952 F.2d 820, 825 (4th Cir. 1991) (holding that verified complaint "describ[ing] his cell toilet, shared by twelve inmates, as 'constantly coated with urine day and night,' ... contend[ing] that only four showers were available for ninety-six inmates ... point[ing] out that the floors leading to the showers were constantly flooded with sewage as a result of toilets that continually leak" and "assert[ing] deprivation of blankets and coats, and that [prison] was infested with insects and vermin ... sufficiently described unsanitary and overcrowded conditions [to] withstand[] summary judgment"), *with Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (slippery shower floors due to standing water do not state an Eighth Amendment claim; collecting cases holding the same), *and Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (an inch or two of standing dirty water in a shower is not an excessive risk to health or safety or a denial of a life necessity). Indeed, in *Lopez v. Robinson*, 914 F.2d 486, 492 (4th Cir. 1990), the Fourth Circuit observed that the inmate appellants had not cited a single case supporting their position that inadequate hot water for their showers violated their Constitutional rights, and it concluded that "there is no clearly established, sufficiently contoured, right to hot showers in prison."

Having failed to state a colorable claim, the complaint must be dismissed as frivolous. Plaintiff is reminded that under 28 U.S.C. § 1915(g), he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. A separate Order follows.

6/14/2018
Date

Paul W. Grimm
United States District Judge

4